**E-Filed 12/29/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA OSUNA AVINA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BNC MORTGAGE, et al.,<br><br>　　　　　Defendants. | Case Number C 09-4710 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[re: document no. 5] |

Defendants U.S. Bank National Association ("USBNA") and America's Servicing Company (collectively, "moving parties") seek dismissal of the complaint on the basis that it fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court has considered the moving and responding papers and the arguments of counsel presented at the hearing on December 11, 2009. For the reasons discussed below, the motion will be granted, with leave to amend.

---

[1] This disposition is not designated for publication in the official reports.

# I. BACKGROUND

Plaintiff Patricia Osuna Avina ("Avina") filed the instant action in the Santa Clara Superior Court, alleging the following claims: (1) rescission under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) declaratory relief; (3) set aside foreclosure sale; (4) cancel Trustee's deed; (5) breach of the implied covenant of good faith and fair dealing; (6) violation of California Civil Code §§ 1920 and 1921; (7) violation of California Civil Code § 1916.7; (8) rescission/cancellation under California law; (9) violation of California Business and Professions Code § 17200 *et seq.*; (10) breach of fiduciary duty; and (11) injunctive relief. Moving parties removed the action to this court on the basis of federal question jurisdiction in light of Avina's assertion of claims under TILA.

The factual bases for Avina's claims are entirely unclear. The complaint contains a number of boilerplate recitations regarding TILA and state laws, but it offers very little narrative as to the underlying events. It appears that Avina refinanced her home in June 2006, at which time she executed a promissory note in the amount of $594,000 secured by a deed of trust on the property. Complt. ¶ 13. Defendant BNC Mortgage Corporation ("BNC") was the initial lender on the refinance transaction, *id.* ¶ 15, but it immediately transferred the promissory note and deed of trust to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), *id.* ¶ 11. In February 2009, MERS transferred the promissory note and deed of trust to Defendant USBNA. *Id.* ¶ 12. Avina defaulted on the note. Complt. Exh. B. The loan was foreclosed, and the property was sold to USBNA at a foreclosure sale. Req. For Jud. Not. Exh. A.[2]

Avina alleges that "Defendant Creditors" failed to make certain disclosures required by TILA and that the loan transaction thus is subject to rescission. *Id.* ¶ 28. Presumably the phrase "Defendant Creditors" is intended to reference Defendant BNC; however, Avina does not make clear which defendant(s) she means. Avina alleges that in June 2009, she sent notices of rescission to "Defendant Creditor and the loan Servicer." *Id.* ¶ 31.

---

[2] Moving parties' request for judicial notice of the trustee's deed upon sale, attached to their request at Exh. A, is granted.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990); *Robertson v. Dean Witter Reynolds, Inc.,* 530, 533-34 (9th Cir.1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.,* 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir.1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir.2000).

## III. DISCUSSION

**A.   Federal Claims**

Avina asserts a single federal claim for rescission under TILA. She also asserts a claim for declaratory relief that appears to be based primarily upon alleged violations of state law but that does contain a single conclusory allegation that "Defendants [sic] violations of the Truth In

Lending Act and RESPA[3] and Plaintiff's subsequent Notice of Rescission acted to void the Trust Deed including the power of sale contained therein." Complt. ¶ 37(b).  Her remaining claims arise under state law.

Moving parties contend that Avina fails to state a claim for rescission under TILA because she has not alleged that she has the present ability to tender the loan proceeds.  Avina contends that she does not have to allege such ability in order to proceed on her rescission claim.  Although the Ninth Circuit has not addressed this issue directly, it has held that a court *may* require a borrower seeking rescission of a mortgage transaction under TILA to demonstrate the ability to tender the loan proceeds.  *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1168 (9th Cir. 2003) (holding that it is within a district court's "discretion to condition rescission on tender by the borrower of the property he had received from the lender") (internal quotation marks and citation omitted).

District courts within the circuit have adopted varying interpretations of *Yamamoto*.  A number of them have extended *Yamamoto* to hold that a claim for rescission under TILA is subject to dismissal at the pleading stage if the borrower fails to allege a present ability to tender the loan proceeds.  *See, e.g.*, *Del Valle v. Mortg. Bank of California*, No. CV-F-09-1316 OWW/DLB, 2009 WL 3786061, at *8 (E.D. Cal. Nov. 10, 2009); *Garcia v. Wachovia Mortg. Corp.*, No. 2:09-cv-03925-FMC-FMOx, 2009 WL 3837621, at *3 (C.D. Cal. Oct. 14, 2009); *ING Bank v. Korn*, No. C09-124Z, 2009 WL 1455488 *1 (W.D. Wash., May 22, 2009); *Garza v. American Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) (granting motion to dismiss TILA rescission claim in light of complaint's failure to allege ability to tender, since "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received").  Others courts have held, however, that failure to plead ability to tender affirmatively is not fatal to a TILA rescission claim.  *See, e.g., Singh v. Washington Mut. Bank*, No. C-09-2771 MMC, 2009 WL 2588885, at *4 (N.D. Cal. Aug. 19, 2009) ("Notably, *Yamamoto* does not hold that a *claim* for rescission cannot survive a motion to dismiss until the

---

[3] The Real Estate Settlement Procedures Act.

right to rescind is adjudicated in the plaintiff's favor."); *ING Bank v. Ahn*, No. C 09-995 THE, 2009 WL 2083965, at *2 (N.D. Cal. July 13, 2009) (noting that "*Yamamoto* did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded. Rather, all of these cases indicate that it is within the trial court's discretion to choose to dismiss where the court concludes that the party seeking rescission is incapable of performance."); *Pelayo v. Home Capital Funding*, No. 08-CV-2030 IEG (POR), 2009 WL 1459419, at *7 (S.D. Cal. May 22, 2009) (rejecting argument that, under *Yamamoto*, claim for rescission was subject to dismissal where plaintiff "failed to offer tender in the complaint of the funds she borrowed"); *Harrington v. Home Capital Funding, Inc.*, No. 08cv1579 BTM (RBB), 2009 WL 514254, at *3 (S.D. Cal. Mar. 2, 2009) (holding "[t]ender by the borrower is not always a precondition to rescission and does not have to be pled to state a claim for rescission"); *Burrows v. Orchid Island TRS, LLC*, No. 07CV1567-BEN (WMC), 2008 WL 744735, at *6 (C.D. Cal. Mar.18, 2008) (rejecting, on motion to dismiss, defendant's argument that "there [was] no evidence" that plaintiff could return loan proceeds).

This Court finds the second line of cases more persuasive to the extent that they appear to be more consistent with the liberal pleading standard of F. R. Civ. P. 8. At the same time, the Court agrees with the reasoning of the first line of cases that "it was not the intent of Congress to reduce the mortgage company to an unsecured creditor," *Del Valle*, 2009 WL at *8, and that "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received," *Garza*, 2009 WL at *5. Accordingly, particularly given the paucity of Avina's factual allegations, the Court will exercise the discretion conferred upon it by *Yamamoto* to require that Avina allege either the present ability to tender the loan proceeds or the expectation that she will be able to tender within a reasonable time.[4] At the end of the day, Avina "will not be entitled to rescission" unless she can tender the principal balance of the loan. *See Clemens v. J.P. Morgan Chase Nat. Corporate Services, Inc.,* No. 09-3365 EMC, 2009 WL 4507742. It makes little

---

[4] For example, a TILA plaintiff might be able to allege that while she lacks the liquidity to tender the loan proceeds at the time she files the rescission claim, she has sufficient equity in the home and a willingness to sell that would render it likely that she could tender the loan proceeds if given a reasonable period of time.

5

sense to let her rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the parties' and the Court's resources. Moreover. Even if Avina had alleged an ability to tender, her TILA rescission claim fails to allege sufficient details about the alleged violation, but merely lists numerous statutory requirements without tying them to any particular defendant.

**B.     State Law Claims**

Unless and until Avina alleges a viable federal claim, this Court declines to address Avina's state law claims. While courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." *Id*. at § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."); *accord City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173-74 (1997).

**IV. ORDER**

The motion to dismiss is GRANTED, WITH LEAVE TO AMEND. Any amended pleading must be filed within twenty (20) days of the date of this order.

DATED:  December 29, 2009

_____
JEREMY FOGEL
United States District Judge

6

Case No. C 09-4710 JF (RS)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFLC2)